ADELAIDE S. WITHERINGTON, administratrix, *vs.* LYNN AND
BOSTON RAILROAD COMPANY.

Suffolk.    January 23, 1903. — February 25, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Negligence*, Gross.

It is not evidence of gross negligence on the part of a motorman toward a passenger in an open street car, that he was running the car at the rate of sixteen miles an hour over a long easy curve, very nearly straight, with a decline of about two feet in one hundred, and that the passenger having been asked for his fare and having risen from his seat in order to put his hand in his trousers pocket, standing near the edge of the side of the car, fell from the car to the ground and was fatally injured.

It is not evidence of gross negligence on the part of the conductor of an open street car, that, when the car was going sixteen miles an hour, he did not tell a passenger, who had been sitting in an end seat and who, on being asked to pay his fare, had risen in order to put his hand in his trousers pocket, to sit down, and did not warn him of the obvious danger of standing so near the edge of a moving car.

TORT, under St. 1886, c. 140, (R. L. c. 111, § 267,) for causing the death of the plaintiff's intestate by reason of the gross negligence of the agents or servants of the defendant, with a count at common law for conscious suffering of the intestate. Writ dated November 29, 1899.

At the trial in the Superior Court *Pierce*, J., at the close of the plaintiff's evidence, ordered a verdict for the defendant. The plaintiff alleged exceptions.

*J. E. Hannigan*, for the plaintiff.

*H. F. Hurlburt*, (*D. E. Hall* with him,) for the defendant.

HAMMOND, J.  At the close of the evidence the plaintiff conceded that the action could not be maintained unless there was gross negligence on the part of the motorman or conductor. As to this, it appeared that the car was a long, open, double truck car, having a partition at each end. Of the two rear seats as the car was going, one faced the rear dasher, and the other, being upon the other side of the partition, faced to the front. The extreme left end of this last named seat was occupied by the plaintiff's intestate; and the only other person upon the seat

was a woman who sat at the opposite end of it.  There were a number of unoccupied seats in the car, and there was no evidence that any passenger was standing.  There was no trouble with the car or the track.  The plan used at the trial and at the argument before us shows that at or near the place of the accident there was a decline in the road of about two feet in one hundred, and a long, easy curve in the street and the track. The evidence as to the rate of speed at which the car was going was not very satisfactory, but it tended to show that the car might have been going at the rate of sixteen miles an hour. There was no evidence of any jolt or jar, and two of the witnesses called by the plaintiff testified that at the time of the accident the car was running smoothly.  There is no evidence that there was any other vehicle upon the road, and it is not argued by the plaintiff that there was any danger of collision.

The accident occurred at about eight o'clock, P. M., August 8, 1899, and "it was getting towards dark."  The evidence tended to show that while the car was thus moving under these circumstances the conductor asked the plaintiff's intestate for the fare, and that thereupon the latter rose and standing near the edge of the side of the car put his hand in his right hand trousers pocket, as if to get the money, and while doing this he leaned a little "to the left and backwards," and his body left the car, striking the ground with such force as to cause fatal injury.

The plaintiff contends that the gross negligence consisted in allowing the car to go at an unusual and dangerous rate of speed, or in not warning the deceased of the danger.

We are of opinion that the evidence was not sufficient to warrant a finding of gross negligence in either respect, and that a verdict for the defendant was properly ordered.  This is not a case where the speed was so great as to result in any unusual motion or jar of the car.  The track, although slightly curved, was very nearly straight, and the car was running smoothly. It cannot be said that if there was any negligence on the part of the motorman it was such as would come under any reasonable definition of gross negligence.  *Galbraith* v. *West End Street Railway*, 165 Mass. 572.  And the same may be said of the failure of the conductor to tell the man to sit down, or to warn him of the danger of standing so near to the edge of a

moving car. So far as respects the obvious danger to one standing in that position, the conductor may reasonably have supposed that the deceased needed no warning, but would look out for himself during the brief time required to get from his pocket the money for the fare.

*Exceptions overruled.*